12-4528CHRISTOPHER S. RUHLAND (SBN 175054)
Email: christopher.ruhland@dechert.com
CONSTANCE E. BEVERLEY (SBN 272289)
Email: constance.beverley@dechert.com
DECHERT LLP
US Bank Tower
633 West 5th Street, 37th Floor
Los Angeles, CA  90071-2013
Telephone: +1 213 808 5700
Facsimile:  +1 213 808 5760

GEORGE G. GORDON (*Pro Hac Vice*)
Email: george.gordon@dechert.com
IRENE AYZENBERG-LYMAN (*Pro Hac Vice*)
Email: irene.ayzenberg-lyman@dechert.com
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Telephone: +1 215 994 4000
Facsimile:  +1 215 994 2222

Attorneys for Plaintiff
ANAHEIM MANUFACTURING CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAHEIM MANUFACTURING CO., <br><br>  Plaintiff, <br><br> v. <br><br> EMERSON ELECTRIC CO., <br><br> Defendant. | Case No. CV 12-04528 DDP (JPRx) <br><br> **ORDER GOVERNING INADVERTENT DISCLOSURE AND THE PROTECTION OF CONFIDENTIAL DOCUMENTS AND MATERIALS** |

The scope of and procedures governing discovery in this case shall be as follows:

1. **Inadvertent Disclosure of Privileged Materials:**

    (a)    If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.

(b) Any party or third-party disclosing or producing documents, information, or materials ("Producing Party") in connection with discovery in this case ("Discovery Material") that inadvertently produces information that it believes is protected by the attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity may obtain the return of that Discovery Material by promptly notifying the receiving party ("Receiving Party") upon learning of the inadvertent production. If a Receiving Party receives materials that bear a legend or other marking indicating that the materials are subject to an attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information and where it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the Producing Party in writing that it possesses material that appears to be privileged.

(c) Upon receiving notification under subsection 1(b) above, the Receiving Party shall gather and return to the Producing Party all copies of the Discovery Material identified as inadvertently produced, or destroy all copies and certify such to the Producing Party. Within five days after receiving the returned Discovery Material, the Producing Party shall provide a privilege log for those materials.

(d) Nothing in this Stipulation shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation (based on information independent of the content of the asserted privileged materials) before

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

the Court. Unless and until the Court rules in favor of the Receiving Party on such challenge and grants use of the Discovery Material at issue, the Receiving Party shall not use or refer to the Discovery Material, including in deposition, any hearing, or in any filing unrelated to the challenge itself. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems or a vendor's systems that are over-written in the normal course of business.

2. **<u>Protecting the Confidentiality of Documents and Materials:</u>**

In order to protect confidential information obtained from or disclosed by any Producing Party in connection with this case and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, Plaintiff and Defendant submit as follows:

(a) <u>Purposes and Limitations:</u>

(i) Disclosure and discovery activity in this case are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The unrestricted disclosure of such information would cause undue damage to the parties, third-parties, and their businesses. The parties acknowledge, as set forth in subsection 2(h) below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed, and reflects the standards that will be applied, when a party seeks permission from the Court to file material under seal.

(ii) Documents and other information produced in connection with this case shall be used solely for purposes of prosecuting, defending, or attempting to settle this case, whether such information is designated as Confidential Information or not, except as otherwise noted herein. The additional

Dechert LLP
Attorneys At Law
Los Angeles

- 3 -

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

protections outlined in this Order, however, apply only to Confidential Information which has been appropriately designated as such.

(b)  <u>Nondisclosure of Confidential Information:</u>  Except as provided below or with the prior written consent of the Producing Party originally designating a document, discovery response, or deposition transcript as "Confidential," Confidential Information as defined herein may not be disclosed to any person.  Nothing herein, however, shall be construed as restricting any party's ability to use its own Confidential Information.

(c)  <u>Designating Confidential Material:</u>

(i)  A Producing Party may designate as confidential (by stamping the document "Confidential" or as otherwise set forth herein) any document, response to discovery, or deposition transcript which that Producing Party considers in good faith to contain information involving trade secrets, confidential business or financial information subject to protection under California or federal law, or another applicable legal standard ("Confidential Information").

(ii)  A Producing Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a Producing Party may designate in writing, within 21 days after receipt of (1) discovery responses or (2) the final deposition transcript for which a Confidential designation is proposed, that the discovery responses and/or transcript be treated as Confidential Information.  Any other party or third-party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in subsection 2(e) below.  Deposition transcripts shall be treated in their entirety as Confidential Information for 31 days after receipt of the

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

final transcript.  All parties shall affix the legend required by this subsection 2(c) on any deposition transcript designated Confidential at the deposition or by subsequent written notice.

        (iii)    If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, the Producing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

        (iv)    If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Information does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material.  If material is appropriately designated as Confidential Information after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    (d)    <u>Permissible Disclosures</u>:

        (i)    Confidential Information that is designated as such in accordance with the terms of this Order shall not be disclosed to any person other than the following, and only to the extent necessary to litigate this action:

            (1)    counsel and co-counsel for the respective parties or third-parties to this litigation, including in-house counsel actively involved in the oversight of this action;

            (2)    employees of such counsel;

            (3)    any current or former officer or employee of a party or non-party, to the extent deemed necessary by counsel for the prosecution or defense of this action;

            (4)    consultants, mock jurors, or expert witnesses retained for the prosecution or defense of these actions, provided that each such

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

person shall execute a copy of the certification annexed to this Order as Exhibit A before being shown or given any Confidential Information;

        (5)    the original authors or recipients of the Confidential Information;

        (6)    any officer or employee of the Producing Party;

        (7)    the Court, court personnel, and court reporters;

        (8)    witnesses who testify at deposition, provided that such witnesses shall execute a copy of the certification annexed to this Order as Exhibit A before being shown or given any Confidential Information; and

        (9)    persons or entities that provide litigation support services for counsel of record in this matter (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

        (ii)    A Producing Party may further restrict the use and disclosure of highly sensitive Confidential Information by additionally designating them as "Counsel Only." This designation shall be made in the same manner as materials are designated Confidential by the addition of the words "Counsel Only" to the legend appearing on the face of any document, response to discovery, or deposition transcript, or by written notice to all parties specifying the Bates numbers of the documents subject to Counsel Only restrictions. Further, Confidential Information designated as Counsel Only may not be disclosed to deposition witnesses except (1) witnesses that are current or former officers or employees of the Producing Party, or (2) with the prior written consent of the Producing Party. Confidential Information designated as Counsel Only may be disclosed only to persons identified in subsections 2(d)(i)(1), (2), (4), (5), (6), (7), and (9), consistent with the terms of this Order.

Dechert LLP
Attorneys At Law
Los Angeles

- 6 -

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

    (iii) The manner in which Confidential Information shall be used with witnesses in connection with any other open proceeding shall be addressed with the presiding judicial officer at or prior to the commencement of such proceeding, or at another appropriate time specified by the presiding judicial officer.

  (e) <u>Resolving Disputed Classifications:</u> The following shall govern objections to a Confidential designation:

    (i) Designation Objection: The objecting Party shall identify with specificity – by individual document control numbers, deposition transcript page and line reference, or other means sufficient to specifically identify and locate such materials – the disputed Confidential designation. The objecting Party also shall state briefly with respect to each issue the objecting Party's position (and provide any legal authority which the objecting Party believes is dispositive of the dispute as to that position), specify the terms of the discovery order to be sought, and request an in-person or telephonic conference within ten days per Local Rule 37-1. Blanket or mass confidentiality challenges are not permitted. A Designation Objection will trigger an obligation on the part of the Producing Party to make a good faith determination of whether the disputed designation is entitled to be treated as Confidential Information pursuant to the terms of this Order. At or prior to the in-person or telephonic conference per Local Rule 37-1, the Producing Party shall respond to the Designation Objection either by agreeing to remove the Confidential designation or by stating the Producing Party's refusal to do so and basis for same.

    (ii) Court Determination: Any remaining areas of disagreement after the in-person or telephonic conference may be presented to the Court in accordance with Local Rule 37-1 through Local Rule 37-4.

    (iii) Pending a ruling, the disputed designation shall continue to be treated as Confidential Information under the terms of this Order.

    (iv) Nothing in this Order shall be deemed to prevent a Producing Party from arguing during the determination process for limits on the use, manner, or dissemination of information that is found to no longer constitute Confidential Information.

  (f) <u>Confidential Information at Trial:</u> The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents or witnesses at trial. The manner in which Confidential Information may be offered in evidence at trial will be addressed at the final pre-trial conferenceor at another appropriate time specified by the presiding judicial officer. Subject to any further direction from or modification by the presiding judicial officer, the parties shall give a non-party Producing Party ten days advance notice of trial in connection with which the Producing Party's Confidential Information may be used or presented.

  (g) <u>Subpoena by Other Courts or Agencies:</u> If at any time any Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena or similar request is directed shall give written notice thereof to any person who has designated such information as Confidential Information within five days. After receipt of the notice specified under this subsection, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed. If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion to the

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. The person to whom the subpoena is directed shall not produce any Confidential Information while a motion for a protective order brought pursuant to this subsection is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

(h) <u>Filing Documents Under Seal</u>: No Confidential Information shall be filed in the public record without the written permission of the Producing Party, or a court's order. The parties shall comply with Civil L.R. 79-5.

(i) <u>Non-Termination</u>: All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon the conclusion of the litigation, including any appeals, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (1) return such documents no later than 60 days after conclusion of this action to counsel for the Producing Party who provided such information, or (2) make reasonable efforts to destroy any confidential material found in any readily accessible data locations (including active electronic media, but excluding backup tapes and other inactive archival storage media) within 60 days, and certify in writing that the documents have been destroyed.

(j) <u>Responsibility of Attorneys</u>:

(i) The counsel for the parties are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information.

(ii) The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to

subsections 2(d)(i)(4) and (8) above.

   (k) <u>No Waiver:</u>

    (i) Nothing in Section 2 of this Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principle, the inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if, consistent with Section 1 of this Order, a request for the return of such documents or information is made promptly after the Producing Party learns of its inadvertent production.

    (ii) Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any documents or information, regardless of whether such documents or information are designated "Confidential Information."

  3. **Inadvertent Failure to Designate:**

 A Producing Party's inadvertent failure to designate Confidential Information pursuant to Section 2 of this Order shall not constitute a waiver of its rights to subsequently make an appropriate designation, provided that the Producing Party notifies the Receiving Party of the correct designation within ten days of learning of its inadvertent failure to so designate.

 A Receiving Party's use of such Discovery Material before receiving notice of the inadvertent failure to designate shall not constitute a violation of this Order. Upon receiving such notice, the Receiving Party shall treat such Discovery Material according to its designation under the Protective Order. In the event the Discovery Material has been distributed in a manner inconsistent with this

designation, the Receiving Party will take the steps necessary to conform distribution to the designation: *i.e.*, returning all copies in its possession, or notes or extracts thereof, to the persons authorized to possess such documents. In the event distribution has occurred to a person not under the control of the Receiving Party, a request for return of the Discovery Material, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the Receiving Party deems the making of the request to be a futile act, the Receiving Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

4. **Modification Permitted:**

Nothing in this Order shall prevent any party or third-party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

So ORDERED, this 29th day of November, 2012,

_____

Hon. Jean P. Rosenbluth

United States Magistrate Judge

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ORDER
GOVERNING DISCOVERY
CASE NO. CV-12-04528 DDP (JPRx)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANAHEIM MANUFACTURING CO., | Case No. CV 12-04528 DDP (JPRx) |
|---|---|
| Plaintiff, | **EXHIBIT A – DECLARATION OF ACKNOWLEDGEMENT OF ORDER GOVERNING INADVERTENT DISCLOSURE AND THE PROTECTION OF CONFIDENTIAL DOCUMENTS AND MATERIALS** |
| v. | |
| EMERSON ELECTRIC CO., | |
| Defendant. | |

I, _____, hereby declare and certify the following to be true:

1. I have read and/or had explained to me by counsel Section 2 of the Court's Order Governing Inadvertent Disclosure and the Protection of Confidential Documents and Materials (the "Order") issued in connection with the above-captioned matter. I understand the restrictions on my access to and use of Confidential Information (as that term is used in the Order) in this matter, and I agree to abide by the Order.

3. I understand that the restrictions on my use of Confidential Information include:

    a. that I will use Confidential Information only for the purpose of preparing for this action and for no other purpose;

    b. that I will not disclose Confidential Information to anyone, except as permitted by the Order;

    c. that I will use, store, and maintain Confidential Information in such a way as to ensure its continued protected status; and

    d. that, upon the termination of my participation in this action, I

will promptly return or make reasonable efforts to destroy all Confidential Information and all notes, memoranda, or other materials containing Confidential Information, as provided in the Order.

5. I am fully aware that my failure to comply with the terms of the Order may constitute contempt of court and may subject me to sanctions.

_____  Date: _____

Full Name [Typed or Printed]

_____

Signature